# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ARTIMUS A. COLLIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-cv-181-MJR |
| | ) | |
| KAREN GORDON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Artimus Collier, currently detained in the Alton Law Enforcement Center, brings this action for deprivations of his constitutional rights pursuant to 28 U.S.C. §§ 1331, 1442, 1443. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Upon careful review of the

complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

The sole defendant in this action is Karen Gordon, an agent in the Metropolitan Enforcement Group of Southern Illinois ("MEGSI"). Collier states that a search warrant was executed by Gordon on January 7, 2009. While executing that warrant, Collier alleges that Gordon violated his constitutional rights because he was arrested several blocks away from the residence specified in the warrant. Collier asserts that his arrest constitutes an illegal stop and seizure, and that his ensuing detention was unlawful.

Although not stated in the pleadings, the Court notes that Collier is a federal defendant who has pleaded guilty,[1] with the benefit of a written plea agreement, to possessing with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii); and distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). *United States v. Collier*, Case No. 09-cr-30076-DRH (S.D. Ill., filed June 17, 2009). Collier is currently confined at the Alton Law Enforcement Center awaiting sentencing by the Honorable David R. Herndon, Chief United States District Judge for the Southern District of Illinois.

Collier's plea agreement and his written stipulation of facts completely eviscerates any claim that his current confinement is without probable cause. In short, Collier cannot have it both ways. He cannot maintain in front of Judge Herndon that he committed the offenses charged, but before this Court later claim that there was no probable cause for his arrest and detention for those same

---

[1] Collier's plea agreement was entered on October 8, 2009, five months *before* he filed the instant action.

offenses.[2]

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Collier is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 23rd day of September, 2010.**

           **s/ Michael J. Reagan**
           **MICHAEL J. REAGAN**
           **United States District Judge**

---

[2] Collier has also presented similar claims in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *See Collier v. Gibbs*, Case No. 10-cv-344-GPM (S.D. Ill., filed May 7, 2010).